THE STATE OF OHIO, APPELLANT, *v.* CHILDRESS, APPELLEE.

[Cite as State *v.* Childress (1983), 4 Ohio St. 3d 217.]

(No. 82-453—Decided May 4, 1983.)

*Ms. Betty D. Montgomery,* prosecuting attorney, and *Mr. John P. Donahue,* for appellant.

*Mr. John P. Duffin,* county public defender, for appellee.

J. P. CELEBREZZE, J. In reversing the trial court's denial of the appellee's motion to suppress, the court of appeals relied upon *Edwards* v. *Arizona, supra.* Upon close examination, however, it is our opinion that that

case is distinguishable, and therefore not applicable to the matter which is now before us.

In *Edwards,* the defendant was charged with multiple offenses and was taken into custody for questioning. Upon being advised of his rights under *Miranda* v. *Arizona* (1966), 384 U.S 436 [36 O.O.2d 237], the defendant requested the presence of counsel and the questioning ceased. On the following morning, however, the police officers visited the defendant in jail in order to resume interrogation. Although the defendant stated that he did not want to talk, the detention guard told him he must and took him to the officers. In the meeting which followed, the defendant was again informed of his rights and he proceeded to make an incriminating statement which was used at trial.

The United States Supreme Court held that the use of the defendant's confession violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. The court stated that once he invokes his right to counsel, the accused may not be subjected to further interrogation until counsel is made available unless he himself initiates the further communication. *Edwards* v. *Arizona, supra,* at 484-485. Moreover, although a Fifth Amendment right may be waived, this can only be done where the accused knowingly and intelligently relinquishes or abandons a known right or privilege. *Id.* at 482. Under the facts presented in *Edwards,* such a waiver did not take place.

The court was careful to contrast these circumstances from the situation where the accused waives his Fourth Amendment privilege against unreasonable searches and seizures. In the latter instance, the standard to be applied is the lesser one set forth in *Schneckloth* v. *Bustamonte* (1973), 412 U.S. 218, which requires only that the accused give a consent which is voluntary under the totality of all the surrounding circumstances. *Id.* at 226; *Edwards* v. *Arizona, supra,* at 483. The implied holding of *Edwards* is that it is permissible for law enforcement officials to continue to seek a waiver of the accused's Fourth Amendment rights even after he has invoked his right to counsel. *United States* v. *Clymore* (E.D. N.Y. 1981), 515 F. Supp. 1361, 1368.

Applying these principles to the facts which are before us, it is our conclusion that Childress waived a Fourth Amendment, rather than a Fifth Amendment, right. Accordingly, the conduct of the Indiana officials in seeking that waiver even after Childress expressed his desire for counsel was not improper. Moreover, based upon the test set forth in *Schneckloth,* it is evident that the appellee knowingly and voluntarily consented to the automobile search and that the fruits thereof were therefore admissible at trial.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.