Decision and Journal Entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Cathlean Robinson, appeals from her conviction, in the Medina County Court of Common Pleas, of one count of possession of crack cocaine. We affirm.
On the morning of May 23, 2000, Defendant was riding as a passenger in a van on I-71 when it ran out of gas. Defendant, the driver, and the other passenger were attempting to walk along the highway to a gas station when Ohio State Highway Patrol Trooper Helton stopped to lend assistance. Officer Helton offered to drive the driver of the van to a gas station and then back to her van, but indicated that he could not take Defendant or the other passenger, Rebbie Thompson, because he had a police dog in the back of his vehicle. Helton radioed Trooper Leo Shirkey to come assist Defendant and Thompson.
Officer Shirkey arrived shortly thereafter. He offered to drive Defendant and Thompson back to the van, but informed them that he would first need to search their bags for weapons. During his search of Thompson's purse, Shirkey found a bag of green vegetable matter that he suspected was marijuana. When Shirkey asked to search Defendant's bag, she voiced no objection and handed it to him. He opened the bag and immediately saw a bag of what he believed was marijuana. Shirkey seized it and Defendant asked him, "Can't you just take it, let [me] go[?]" Shirkey continued searching Defendant's bag and found a purple Crown Royal bag, in which he suspected there was more marijuana or contraband. He opened the Crown Royal bag and found what was later confirmed to be 122 grams of crack cocaine. Shirkey asked Defendant whether it was crack and she admitted that it was. Shirkey immediately handcuffed Defendant and placed her under arrest.
Defendant moved to suppress the evidence seized from her bag, contending that it had been obtained in violation of her rights under the United States and Ohio Constitutions to be free from unreasonable searches and seizures. Following a hearing on the motion, the trial court determined that the search was constitutional and, consequently, it overruled the motion to suppress. Defendant entered a plea of no contest to the charge of possession of crack cocaine. The trial court convicted her and sentenced her to ten years' incarceration. Defendant appeals and raises two assignments of error.
 ASSIGNMENT OF ERROR I
The trial court erred when it denied [Defendant's] Motion to Suppress in violation of her right against unreasonable search and seizure as guaranteed by the Fourth Amendment of the United States Constitution and Article I, Section 14 of the Ohio Constitution.
Defendant contends that the trial court erred by failing to suppress the evidence seized from her bag because Trooper Shirkey's warrantless search was unconstitutional. Specifically, she contends that the trial court erred in finding that she consented to the search and that her consent was given her voluntarily. We disagree.
"In order to waive his Fourth Amendment privilege against unreasonable searches and seizures, the accused must give a consent which is voluntary under the totality of all the surrounding circumstances. (Schneckloth v.Bustamonte, 412 U.S. 218, followed.)" State v. Childress (1983),4 Ohio St.3d 217, paragraph one of the syllabus. To rely on the consent exception to the warrant requirement, the state must show by clear and positive evidence that the consent was "freely and voluntarily" given.Bumper v. North Carolina (1968), 391 U.S. 543, 548, 20 L.Ed.2d 797, 802. "[W]hether a consent to search was in fact `voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances." Schneckloth, 412U.S. at 227, 36 L.Ed.2d at 862-863. "[W]hile the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." State v. Robinette (1997),80 Ohio St.3d 234, 243, citing Schneckloth, 412 U.S. at 248-249,36 L.Ed.2d at 875.
Although our standard of review of the trial court's decision on a motion to suppress is de novo, we review the trial court's factual findings only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Ornelas v. United States (1996),517 U.S. 690, 699, 134 L.Ed.2d 911, 920; United States v. Tompkins(1997), 130 F.3d 117, 120. Thus, we will accept the trial court's factual determination that Defendant voluntarily consented to the search of her handbag so long as that finding is not clearly erroneous.
Although Trooper Shirkey arrived in a marked cruiser, wore a uniform, and carried a gun, he did not draw his weapon, use his siren, or otherwise attempt to assert authority over Defendant. This was not a situation in which the officer was initially playing a law enforcement role. It was not a traffic stop or any other type of investigatory stop; Trooper Shirkey approached Defendant and her friend to render assistance and each of them knew that at the time. Although Defendant testified that she did not believe that she had a choice to refuse Shirkey consent, there is no evidence to otherwise indicate that Defendant was compelled by the circumstances to accept a ride from Shirkey. Shirkey testified that if Defendant had not allowed him to search her bag, he would have left her waiting there or called a tow truck. It was approximately 8:00 a.m. on May 23, so it was presumably not cold or dark, and, although it had been raining earlier, it was no longer raining. A reasonable person would have believed that this was a consensual encounter and should have felt free to decline Shirkey's offer of assistance.
Shirkey testified that, as was his personal practice before taking passengers in his vehicle, he asked to search the handbags of Defendant and her friend for weapons. Defendant voiced no objection and, when Shirkey held out his hand for her handbag, Defendant handed it to him. Therefore, the trial court's finding that Defendant voluntarily consented to the search of her bag was supported by ample evidence.
Although the scope of Defendant's consent was limited to a search for weapons, Shirkey opened Defendant's bag and immediately saw a bag of what appeared to be marijuana. Defendant, apparently admitting to Shirkey that the substance was in fact marijuana and that she was aware that it was in there, stated, "Can't you just take it, let [me] go[?]" At that point, Shirkey had probable cause to arrest Defendant, even though he did not do so immediately. Consequently, he had the right to conduct a search incident to that arrest. See State v. Bing (1999), 134 Ohio App.3d 444,447-448, citing Rawlings v. Kentucky (1980), 448 U.S. 98, 111,65 L.Ed.2d 633, 645-646. "[A] full search of the person incident to a lawfulcustodial arrest is not only an exception to the warrant requirement ofthe Fourth Amendment but is also a `reasonable' search under thatamendment." State v. Mathews (1976), 46 Ohio St.2d 72, 74, citing UnitedStates v. Robinson (1973), 414 U.S. 218, 38 L.Ed.2d 427. The scope of thesearch also includes the purse carried by the subject of the arrest. Id.at 76.
 As a search incident to Robinson's arrest, Shirkey was justified incontinuing to search her bag for weapons or contraband. Therefore, he wasjustified in opening the Crown Royal bag where he found 122 grams ofcrack cocaine. The state presented clear evidence that the marijuana andcrack cocaine were seized from Defendant's bag pursuant to recognizedexceptions to the warrant requirement. Consequently, the trial court didnot err in denying Defendant's motion to suppress. The first assignmentof error is overruled.
 ASSIGNMENT OF ERROR II
The penalties attendant to Ohio Revised Code [2925.11(C)(4)(f)] involving crack cocaine violates [Defendant's] equal protection rights as guaranteed by the United States and Ohio Constitutions.
Defendant contends that the statute under which she was convicted violates her equal protection rights because it treats those who possess crack cocaine differently from those who possess powder cocaine. Although this argument was vaguely alluded to in a discussion between the trial judge and one of the state's expert witnesses, there is nothing in the record to indicate that Defendant raised such a challenge in the trial court.
Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.
State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Because Defendant failed to preserve this issue for appellate review, we need not address it. Defendant's second assignment of error is overruled.
Defendant's first and second assignments of error are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J. CONCUR.