[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Donte Wilbon, appeals a conviction for possession of cocaine pursuant to R.C. 2911.25.11(A). In his first assignment of error, he contends that the trial court erred in overruling his motion to suppress the packet of cocaine found on his person because it was obtained in violation of his Fourth Amendment rights.
The record shows that the investigating police officer could point to specific and articulable facts justifying an investigative stop of Wilbon. The officer observed Wilbon and another individual loitering in the parking lot of an apartment building in a high-crime area at 4:00 a.m. The owner of the building had asked policed officers to watch for drug dealers and other trespassers who frequented there. The officer did not recognize Wilbon or his companion as residents of the apartment building. He observed a car pull into the parking lot, and the driver exited and approached Wilbon. The officer moved in an attempt to get a better view of what was occurring, and one of the individuals with Wilbon spotted him and pointed. They immediately began to walk away, staring at the officer as they walked up the middle of the street. The officer radioed his partner to detain the group to investigate the possible criminal trespassing. Under the circumstances, the officer had a reasonable and articulable suspicion that Wilbon and the individuals with him were engaged in criminal activity. Consequently, the investigatory stop did not violate Wilbon's Fourth Amendment rights. See State v.Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271; State v. Bobo
(1988), 37 Ohio St.3d 177, 524 N.E.2d 489.
Subsequently, the officer asked Wilbon if he could search his person. The trial court's findings that Wilbon consented to the search and that his consent was freely and voluntarily given were not clearly erroneous. See Schneckloth v. Bustamonte (1973), 412 U.S. 218, 93 S.Ct. 2041; Statev. Childress (1983), 4 Ohio St.3d 217, 448 N.E.2d 155; State v. Wright
(Feb. 14, 1996), Hamilton App. No. C-950250, unreported. Wilbon's major contention is that the search exceeded the scope of his consent, because the officer asked to search Wilbon's pockets but found the packet of cocaine in his groin area, between his underwear and his pants. However, the record shows that the officer had asked for and obtained Wilbon's consent to a general search of his person. Then, he asked for consent to search Wilbon's pockets. Consequently, the search did exceed the scope of the consent. See State v. Robinson (1995), 103 Ohio App.3d 490,659 N.E.2d 1292.
Our review of the record shows that Wilbon's Fourth Amendment rights were not violated. Therefore, the trial court did not err in overruling his motion to suppress the evidence obtained as a result of the search and seizure, and we overrule Wilbon's first assignment of error.
In his second assignment of error, Wilbon contends that the trial court erred in overruling his motion to suppress statements he made to the police, because they were obtained in violation of his Fifth Amendment rights. Specifically, he contends that the statements were made before he was read his rights pursuant to Miranda v. Arizona (1966), 384 U.S. 436,86 S.Ct. 1602.
The record shows that, upon initially detaining Wilbon and his companions, the police officer asked if they lived in the apartment building to determine if they were trespassing. Wilbon stated that he did not. This statement was not the result of a custodial interrogation, but of routine on-the-scene questions during an investigation. Consequently, the officer was not required to inform Wilbon of his Miranda rights at that time. See State v. Tucker (1998), 81 Ohio St.3d 431, 692 N.E.2d 171;State v. Knuckles (1992), 65 Ohio St.3d 494, 605 N.E.2d 54; State v.Causey (June 29, 2001), Hamilton App. No. C-980935, unreported.
Wilbon's made his second statement, "I am a smoker and I am addicted," after the police had read him his Miranda rights. The record shows that Wilbon made this statement voluntarily and that his will was not overborne or his capacity for self-determination critically impaired because of coercive police conduct. Consequently, he made a voluntary, knowing and intelligent waiver of his Miranda rights, and the trial court did not err in overruling his motion to suppress. See State v. Dailey
(1990), 53 Ohio St.3d 88, 559 N.E.2d 459; State v. Slaughter (Apr. 28, 2000), Hamilton App. No. C-980702, unreported. Accordingly, we overrule his second assignment of error and affirm his conviction.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.