[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, the state of Ohio, appeals the trial court's decision to grant a motion to suppress filed by defendant-appellee, Jaman Howard. In its sole assignment of error, the state contends that the trial court should not have granted Howard's motion to suppress a handgun found in the trunk of his car, because the search was supported by valid consent. This assignment of error is well taken.
In reviewing the trial court's ruling on a motion to suppress, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Melvan (1992), 80 Ohio App.3d 443,447, 609 N.E.2d 595, 598. Then, accepting those facts as true, we must independently determine as a matter of law whether they meet the applicable legal standard. State v. True (2000), 137 Ohio App.3d 348,351, 738 N.E.2d 830, 832.
The record shows that police officers stopped the car that Howard was driving because a routine check of the license plates revealed open warrants on the owner of the vehicle, and because the three individuals in the car all matched the general description of the owner. None of the individuals in the car could produce any identification. Howard, as the driver, was placed in the back of a police cruiser to determine his identity.
After detecting an odor of marijuana, the officers instructed the two passengers to get out of the vehicle. One of them acknowledged that he had marijuana in his pocket. A pat-down search of that passenger led to the discovery of a small amount of marijuana and a loaded handgun. The passenger was placed under arrest.
For the duration of these events, Howard was handcuffed and seated in the police cruiser. He consented to a search of the passenger compartment of the vehicle. Police recovered nothing from a search of the vehicle's interior. While that search was occurring, the police officers verified Howard's identity and determined that no outstanding warrants existed against him.
Because they were concerned about other weapons being in the car, the police officers asked Howard for permission to search the trunk of the car. Howard consented but stated that he did not know how to get into the trunk because he had just purchased the car. After three to four minutes, the officers located the switch that opened the trunk. Inside they discovered a loaded handgun. Howard was subsequently charged with improper transport of a handgun in violation of R.C. 2923.16(B).
In granting Howard's motion to suppress, the trial court held that the stop of the vehicle and the subsequent search of the vehicle's passenger compartment did not violate Howard's Fourth Amendment rights. The court then went on to hold that the police officers did not have probable cause to search the trunk of the car. Probable cause, however, is not the issue, since Howard consented to the search of the trunk. "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause to search is a search that is conducted pursuant to consent." Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219,93 S.Ct. 2041, 2043-2044. The sole issue presented in this case is whether Howard's consent was valid.
The trial court held that Howard's consent was invalid, relying onState v. Robinette (1997), 80 Ohio St.3d 234, 685 N.E.2d 762. In that case, the Ohio Supreme Court held,
 Once an individual has been unlawfully detained by law enforcement, for his or her consent to be considered an independent act of free will, the totality of the circumstances must clearly demonstrate that a reasonable person would believe that he or she had the freedom to refuse to answer further questions and could in fact leave.
 Id. at paragraph three of the syllabus.
The trial court held that once the police officers determined that Howard had no open warrants on him, they had no continuing justification for keeping him in custody, and that Howard was unlawfully detained after that point. The court cited to several cases that have held that possession of a small amount of drugs by one occupant of an automobile does not give police officers a reasonable and articulable suspicion that the other occupants are engaging in criminal activity, so there is no justification for their continued detention. See State v. Taylor (2000),138 Ohio App.3d 139, 145-148, 740 N.E.2d 704, 709-711; State v. Salyer
(Apr. 10, 1998), Miami App. No. 97-CA-39, unreported. The present case is distinguishable from those cases.
If a suspect's detention is prolonged and the investigation is expanded beyond the scope necessary to effectuate the purpose of the initial stop, the detention must be supported by a reasonable suspicion that the suspect is engaged in some other criminal activity. State v. Chatton
(1984), 11 Ohio St.3d 59, 61-63, 463 N.E.2d 1237, 1239- 1241; State v.Venham (1994), 96 Ohio App.3d 649, 656, 645 N.E.2d 831, 835. This case involved more than just the personal possession of a small amount of drugs by one occupant of the vehicle. The plates of the vehicle were registered to an individual who was wanted on open warrants. None of the occupants could produce any identification, and none turned out to be the registered owner of the car. The police officers found both marijuana and a loaded handgun on one of the passengers. Although they subsequently determined that Howard had no open warrants, they asked for consent to search the passenger compartment and the trunk, because they reasonably believed other weapons might have been in the car. They were not simply on "fishing expedition." See Taylor, supra, at 146-147, 740 N.E.2d 710;State v. Rusnak (1997), 120 Ohio App.3d 24, 27-28, 696 N.E.2d 633, 636. All the events occurred within a span of minutes, and we hold that, under the totality of the circumstances, the detention was reasonable. SeeState v. Andrews (1991), 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271,1273-1274.
Since the continued detention of Howard was not unlawful, the state was not required to demonstrate that a reasonable person would have believed that he or she had the freedom to refuse consent and leave. Instead, it was required to demonstrate that, under the totality of the circumstances, Howard's consent was voluntary. Schneckloth, supra, at 222, 93 S.Ct. at 2045; State v. Childress (1983), 4 Ohio St.3d 217,448 N.E.2d 155, paragraph one of the syllabus; State v. Bennett (June 21, 2000), Ross App. No. 99 CA 2509, unreported. The record demonstrates that Howard's consent was freely and voluntarily given.
Since Howard's consent for the search of the car, including the trunk, was voluntary, the search did not violate his Fourth Amendment rights. Therefore, the trial court erred in granting his motion to suppress. We sustain the state's assignment of error, reverse the trial court's judgment, and remand the case for further proceedings.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.