OPINION
Defendant-appellant, Jerome Parker, appeals the trial court's decision to overrule his motion to suppress evidence. We affirm the decision of the trial court.
On January 7, 2000, Officer Joey Thompson of the Hamilton Police Department observed two men exit a vehicle and go into a pizza shop, leaving the vehicle running outside. The area involved was a high crime area. Concerned that the vehicle could be stolen and knowing that leaving a vehicle unattended and running was a violation of the Hamilton City Code, Officer Thompson went into the pizza shop to investigate. As he entered the pizza shop, Officer Thompson observed appellant look at him, then begin stuffing something in the right side of his pants. Officer Thompson knew appellant from previous contacts and knew that he had previous arrests for drugs. The area inside the shop was small, around five feet by seven feet, without much room to move around. Because he was concerned for his safety, Officer Thompson conducted a brief pat-down of the two men for weapons. He then asked both men if they had anything illegal on them and if "they would mind if I took a look." Appellant replied, "Go ahead, T." As Officer Thompson patted down appellant's leg, a baggie of cocaine fell down appellant's pant leg onto the floor.
Appellant was arrested and indicted on one count of possession of cocaine. He filed a motion to suppress evidence with the trial court. The trial court held a hearing at which Officer Thompson and appellant each testified. Officer Thompson stated that he did an initial pat-down for weapons, then asked appellant if he could search further and appellant consented. Appellant testified that Officer Thompson searched him twice, but never asked for consent to search. The trial court overruled appellant's motion to suppress. Appellant pled no contest to the charges and was sentenced to a prison term of three years.
Appellant now appeals his conviction and raises the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, JEROME PARKER, BY DENYING THE MOTION TO SUPPRESS THE STOP AND THE SEARCH OF THE DEFENDANT.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. Statev. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688, 691.
On appeal, appellant does not dispute that the initial pat-down for weapons was proper pursuant to Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868. Instead, appellant argues that the additional search was "beyond what was called for by the situation." Appellant contends that this court need not address consent because the real issue is whether any more than the initial search for weapons should have occurred. Appellant further argues that the consent was coerced and that Officer Thompson did not observe any criminal conduct on the part of appellant.
Appellant's arguments confuse and commingle the legal concepts applicable to warrantless searches. When a search occurs without a warrant, the state has the burden to show that the search comes within one of the judicially recognized exceptions to the warrant requirement.State v. Akron Airport Post No. 8975 (1985), 19 Ohio St.3d 49, 51. One exception allows for a brief investigatory stop and search where specific facts give rise to a reasonable suspicion of criminal activity. Id.;Terry at 21-22. Another exception exists when searches are conducted with consent. Schneckkloth v. Bustamonte (1973), 412 U.S. 218, 219,93 S.Ct. 2041; State v. Posey (1988), 40 Ohio St.3d 420, 427. As mentioned above, appellant does not dispute the issue of the initial weapons pat-down pursuant to Terry. Instead, he argues that there was no basis for Officer Thompson to conduct a further search. However, contrary to this argument, appellant's consent alone provided the basis for Officer Thompson to perform a further search for contraband.
When a person is lawfully detained by police and consents to a search, the state must show by clear and convincing evidence that the consent was freely and voluntarily given. Florida v. Royer (1983), 460 U.S. 491,497, 103 S.Ct. 1319, 1323-24; State v. Pierce (1998), 125 Ohio App.3d 592,598. In determining whether consent was voluntary, a court must consider the totality of the circumstances. Schneckloth at 222; State v.Childress (1983), 4 Ohio St.3d 217, paragraph one of the syllabus. Although appellant argues that in this case there was no suspicion that would allow for a further search, the Terry requirement of reasonable suspicion is avoided entirely when a person voluntarily consents to a search. State v. Wilt (Feb. 22, 2002), Montgomery App. No. 19108, unreported, 2002 WL 272593 at *3.
The record in this case does not contain any evidence to show that appellant's consent was anything other than voluntary. In fact, according to appellant's version of the events, Officer Thompson did not even ask for consent to search further. According to Officer Thompson, he did a brief pat-down for weapons while explaining to appellant and the other man that he was investigating the vehicle which the two left running in front of the pizza shop. He then asked if the two had any contraband on them and if they would mind if he searched further. Appellant responded in a friendly, familiar way that Officer Thompson could perform a further search.
Although appellant stated at oral arguments that the trial court did not make a specific written finding on consent, this finding is implicit in the trial court's decision on the motion. The trial court found that Officer Thompson had reasonable articulate suspicion to justify the initial search "and to ask to search further." Thus, the trial court found Officer Thompson's version of the events more credible and persuasive by finding that the officer asked for consent to search further.
In conclusion, we find that the trial court's decision to overrule appellant's motion to suppress is supported by competent, credible evidence. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.