DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Terance T. Morgan, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms the trial court's judgment.
 I. {¶ 2} In February 2007, Morgan and his passenger, Carl Gardner, were stopped for speeding while driving in a rental car on Interstate 76 in Medina. Morgan told Officer Covil that he was not an authorized driver for the rental car, but Gardner was. Gardner consented to a search of the vehicle during which Officer Covil discovered a shopping bag filled with marijuana. After being Mirandized, Morgan admitted the drugs were his.
 {¶ 3} Morgan filed a motion to suppress the evidence and his statements. Following a hearing, the trial court denied the motion. Morgan pled no contest to trafficking in marijuana, in violation of R.C. 2925.03(A)(C)(3)(a), a fifth degree felony. He timely appealed, asserting one assignment of error. *Page 2 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS."
 {¶ 4} Morgan argues that the trial court erred when it denied his motion to suppress. This Court does not agree.
 {¶ 5} The review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court serves as the trier of fact and is, therefore, in the best position to resolve factual questions and evaluate the credibility of witnesses. Id. citing State v. Mills (1992),62 Ohio St.3d 357, 366. Thus, this Court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." Id. citing State v. Fanning (1982), 1 Ohio St.3d 19. We accept the facts as true and decide de novo whether the facts meet the applicable legal standard. Id.
 {¶ 6} Based upon our review of the record, the trial court's findings of fact are supported by competent, credible evidence. In February 2007, Morgan and his passenger, Carl Gardner, drove through Medina County on a trip from Long Island, New York, to Fort Wayne, Indiana. While driving on Interstate 76 in Medina, Officer Covil observed Morgan speeding and initiated a traffic stop. Morgan nervously provided the officer with his New York driver's license, college ID, and rental car agreement. According to Morgan, he was not an authorized driver of the rental car, but his passenger was. Morgan accompanied Officer Covil to his cruiser to complete a speeding citation. Officer Covil could not complete the citation because he experienced computer problems.
 {¶ 7} Officer Covil returned to the rental car to talk with Gardner, the rental car's authorized driver. Officer Covil asked Gardner if he could search the vehicle and Gardner *Page 3 
consented. The search of the passenger compartment did not reveal contraband, but Officer Covil discovered a shopping bag filled with packets of marijuana in the spare tire wheel well. After beingMirandized, Morgan admitted the drugs were his.
 {¶ 8} Having concluded that the trial court's factual findings were supported by the record, this Court reviews de novo the trial court's legal decision. We conclude that the trial court properly denied the motion to suppress.
 {¶ 9} The Fourth Amendment to the United States Constitution provides for "[t]he right of the people to be secure * * * against unreasonable searches and seizures * * *." Searches and seizures conducted without a prior finding of probable cause are unreasonable unless an exception applies. California v. Acevedo (1991), 500 U.S. 565. If evidence is obtained through a search which violates the accused's Fourth Amendment rights, the trial court must exclude the evidence. Mapp v. Ohio (1961),367 U.S. 643.
 {¶ 10} A police officer may stop a vehicle based on probable cause that a traffic violation has occurred. Dayton v. Erickson (1996),76 Ohio St.3d 3, 11; State v. Mays, Slip Opinion No. 2008-Ohio-4539. Morgan does not challenge the legality of the initial stop based on the speeding offense. Morgan argues that his continued detention without reasonable suspicion or probable cause of additional illegal activity violated his Fourth Amendment rights.
 {¶ 11} Pursuant to Terry v. Ohio, (1968), 392 U.S. 1, a police officer may briefly detain an individual in order to investigate suspicious behavior if the officer can point to specific, articulable facts which, taken together with rational inferences from those facts, reasonably warrant the detention. An investigative stop must be temporary and last no longer than is necessary to effectuate the purpose of the stop.Florida v. Royer (1983), 460 U.S. 491. If, during the initial stop, the officer observes articulable facts which give rise to a reasonable *Page 4 
suspicion of criminal activity, the officer may further detain the individual and conduct a more thorough investigation. State v.Robinette (1997), 80 Ohio St.3d 234, 241.
 {¶ 12} Officer Covil pointed to specific, articulable facts to warrant further investigation. Morgan told the officer that he was returning from a short trip from Indiana to New York and back. He admitted that he was driving a rental car that he was not authorized to drive. He provided the rental agreement and told Officer Covil that the passenger, Gardner, was an authorized driver. The person who actually rented the car was not in the car. Finally, during the stop, Morgan appeared nervous. These facts were sufficient to warrant Officer Covil's further investigation.
 {¶ 13} Officer Covil left Morgan in the police car to talk with Gardner, still seated in the rental car. Officer Covil asked for permission to search the car and Gardner consented. A warrantless search is proper when consent has been given. Here, the trial court's factual findings demonstrate that Gardner consented to the search and, therefore, Officer Covil's search of the car did not violate theFourth Amendment.
 {¶ 14} Morgan argues that Gardner's consent was not voluntary under the totality of the circumstances. The question of whether consent to a search was voluntary is a question of fact to be determined from the totality of the circumstances. State v. Childress (1983),4 Ohio St.3d 217, paragraph one of the syllabus. The facts of this case demonstrate that Gardner voluntarily consented to the search. After waking up Gardner, Officer Covil explained to him that Morgan was stopped for speeding, that Morgan was sitting in the police car, and that he wanted to search the car for narcotics. Gardner responded, "Okay, no problem." Based on this testimony, the trial court found that Gardner voluntarily consented to the search. Considering the totality of the *Page 5 
circumstances, this Court agrees with the trial court's conclusion. Gardner voluntarily consented to Officer Covil's search of the car.
 {¶ 15} Morgan's second argument — challenging his statement to the police — relied on the success of his first claim. Because this Court concluded that Officer Covil's search did not violate Morgan'sFourth Amendment rights, his argument that his statements to the police admitting that the marijuana belonged to him should be held inadmissible as the fruit of an illegal search likewise fails.
 {¶ 16} Officer Covil lawfully stopped Morgan for a traffic offense, did not unreasonably detain him as he investigated based on reasonable suspicion, and properly obtained consent from the passenger to search the automobile. Thus, the trial court did not err when it denied Morgan's motion to suppress.
 III. {¶ 17} The trial court properly denied Morgan's motion to suppress. The assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 6 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J. DICKINSON, J. CONCUR *Page 1