[Cite as *State v. Davis*, 2018-Ohio-376.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 MA 0078 |
| VS. | ) | |
| | ) | OPINION |
| WHITTINGTON DAVIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas, Mahoning County, Ohio Case No.16 CR 196

JUDGMENT:      Affirmed as modified.
Remanded for sentencing.

APPEARANCES:
For Plaintiff-Appellee      Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant      Attorney Christopher Lacich
100 East Federal Street, Suite 600
Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: January 26, 2018

DeGENARO, J.

{¶1} Defendant-Appellant, Whittington Davis, appeals the trial court's judgment denying his suppression and Crim.R. 29 motions, and argues his conviction was not supported by sufficient evidence and is against the weight of the evidence. For the following reasons, the trial court properly denied the motion to suppress, but there was insufficient evidence of Davis' intent to sell or resell marijuana to sustain a trafficking conviction. Accordingly, the judgment of the trial court is affirmed as modified and remanded for sentencing on the modified conviction of possession.

{¶2} Davis was indicted for one count of Trafficking in Marijuana, R.C. 2925.03(A)(2)(C)(3)(a), a fifth degree felony, with a forfeiture specification. Davis filed a motion to suppress the evidence seized by the Youngstown Police Department that the trial court denied. The case proceeded to a jury trial.

{¶3} The State's first witness, Officer George Wallace, testified that he responded to a "call over the radio for drug activity in front of the Downtown Circle, O'Donold's area." He was specifically told that the call involved "two black males and a white female." When he arrived at the scene he observed three black males and one white female. Wallace was concerned about his safety and the safety of others. He approached Davis and asked if he had any drugs, contraband, controlled substance, or weapons on him to which Davis stated that he did not.

{¶4} Wallace then requested and received permission to conduct a pat down on Davis. During the pat down, in Davis' right cargo pocket, Wallace felt "several different packages." Wallace retrieved nine individually packaged baggies of marijuana from Davis' person. Wallace testified that in his experience and professional opinion, multiple packages found on one person are an indication of drug trafficking.

{¶5} Officer Richard Geraci testified that he took possession of the marijuana and conducted a test on a sample of it. Afterwards, he sent the evidence to the Ohio Bureau of Criminal Investigations (BCI). Geraci stated that there is a close connection between the number of narcotic packages found when determining whether the individual is suspected of trafficking as opposed to possessing. Geraci

testified that in his experience individuals arrested for possessing drugs usually have one to two bags of marijuana on his or her person.

**{¶6}** Zach Dawson, a BCI forensic scientist in the drug chemistry section, analyzed the submitted evidence and concluded that the substance was marijuana, a Schedule I controlled substance.

**{¶7}** At the close of the State's case, Davis made a Crim.R. 29 motion which the trial court denied.

**{¶8}** Davis took the stand in his own defense. He stated that on the date in question he left Warren, Ohio and traveled to downtown Youngstown by bus. He then walked to an apartment on the east side of town where he gave someone a tattoo and was paid $10 and ten bags of marijuana for his services. He admitted he smoked some of the marijuana as he walked downtown after completing the tattoo and that is why police found only nine bags on him. He also admitted that he had been previously convicted of possession of crack cocaine and having a weapon while under disability. Davis admitted he had possession of marijuana, but no intent to sell.

**{¶9}** The jury found Davis guilty of Trafficking in Marijuana and the trial court sentenced him to a twelve-month prison term.

### Motion to Suppress

**{¶10}** Davis' first of two assignments of error asserts:

The trial court erred by failing to suppress marijuana and other evidence obtained from defendant-appellant Davis as a result of an illegal search and seizure in violation of Davis' rights under the Fourth Amendment to the U.S. Constitution and Section 14, Article I of the Ohio Constitution.

**{¶11}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. As the trial court is best suited to evaluate witness credibility, an appellate court must uphold the findings of fact if they are supported by competent, credible

evidence. *Id*. However, an appellate court must independently determine as a matter of law whether the trial court met the applicable legal standard. *Id.*

{¶12} Davis argues that the trial court erred by denying his motion to suppress because the search that uncovered the marijuana was conducted without a search warrant or valid consent. The State contends that Davis gave verbal consent for the officer to conduct a *Terry* pat-down of his person. *State v. Parker*, 12th Dist. No. CA2001-06-143, 2002-Ohio-1730, provides guidance as the same confusion between consent and a *Terry* pat-down is evident in the present matter:

> When a search occurs without a warrant, the state has the burden to show that the search comes within one of the judicially recognized exceptions to the warrant requirement. *State v. Akron Airport Post No. 8975* (1985), 19 Ohio St.3d 49, 51, 482 N.E.2d 606. One exception allows for a brief investigatory stop and search where specific facts give rise to a reasonable suspicion of criminal activity. *Id.; Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed 889 (1968)], at 21–22. Another exception exists when searches are conducted with consent. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854; *State v. Posey* (1988), 40 Ohio St.3d 420, 427, 534 N.E.2d 61. * * *

> When a person is lawfully detained by police and consents to a search, the state must show by clear and convincing evidence that the consent was freely and voluntarily given. *Florida v. Royer* (1983), 460 U.S. 491, 497, 103 S.Ct. 1319, 1323–24, 75 L.Ed.2d 229; *State v. Pierce* (1998), 125 Ohio App.3d 592, 598, 709 N.E.2d 203. In determining whether consent was voluntary, a court must consider the totality of the circumstances. *Schneckloth* at 222; *State v. Childress* (1983), 4 Ohio St.3d 217, 448 N.E.2d 155, paragraph one of the syllabus. Although appellant argues that in this case there was no suspicion that would

allow for a further search, the *Terry* requirement of reasonable suspicion is avoided entirely when a person voluntarily consents to a search. *State v. Wilt* (Feb. 22, 2002), Montgomery App. No. 19108, unreported, 2002 WL 272593 at *3.

*State v. Parker*, 12th Dist. No. CA2001-06-143, 2002-Ohio-1730, *2.

**{¶13}** This Court, recognizing that consent is a valid exception, explained:

"To rely on the consent exception of the warrant requirement, the state must show by 'clear and positive' evidence that the consent was 'freely and voluntarily' given." *State v. Posey* (1988), 40 Ohio St.3d 420, 427, 534 N.E.2d 61, quoting *Bumper v. North Carolina* (1968), 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797. Clear and positive evidence is not significantly different from clear and convincing evidence, which is the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. *State v. Ingram* (1992), 82 Ohio App.3d 341, 346, 612 N.E.2d 454. Whether the defendant gave consent voluntarily, as opposed to being coerced or placed under duress, is a question of fact to be determined by the totality of the circumstances. *Ludington*, 7th Dist. No. 99-CO-13; *Schneckloth*, 412 U.S. at 227.

*State v. Bell*, 7th Dist. No. 06-MA-189, 2008-Ohio-3959, ¶ 75.

**{¶14}** Officer Wallace testified that he received consent to pat down Davis. Davis denied that he gave any consent. The trial court deemed the credibility of the officer more reliable than that of Davis. Accordingly, Davis' first assignment of error is meritless.

### Sufficiency and Manifest Weight

**{¶15}** Davis' second of two assignments of error asserts:

Whether the trial court erred in denying the defendant-appellant's

Criminal Rule 29 motion and/or verdict convicting the defendant-appellant was based on evidence that was legally insufficient and against the manifest weight of the evidence.

**{¶16}** We will address Davis' three arguments within this single assignment of error in turn. First, a court must order the entry of a judgment of acquittal on a charged offense if the evidence is insufficient to sustain a conviction on the offense. Crim.R. 29(A). However, "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. Thus, a motion for acquittal tests the sufficiency of the evidence. *State v. Tatum*, 3d Dist. No. 13–10–18, 2011–Ohio–3005, ¶ 43, citing *State v. Miley*, 114 Ohio App.3d 738, 742, 684 N.E.2d 102 (4th Dist.1996).

**{¶17}** "A challenge to the sufficiency of the evidence tests whether the state has properly discharged its burden to produce competent, probative, evidence on each element of the offense charged." *State v. Petefish*, 7th Dist. No. 10 MA 78, 2011–Ohio–6367, ¶ 16. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. Thus, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Smith*, 80 Ohio St.3d 89, 113, 1997-Ohio-355, 684 N.E.2d 668.

**{¶18}** Conversely, weight of the evidence is "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *Thompkins* at 387. A conviction will only be reversed as against the manifest weight of the evidence in exceptional circumstances. *Id.* This is because the trier of fact is in a better position to determine credibility issues, having viewed the demeanor, voice inflections and gestures of the witnesses. *State v. Petteway*, 7th Dist. No. 16 JE 0004, 2017-Ohio-716, ¶ 17 (internal citations omitted).

**{¶19}** Thus, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed for a new trial. *Thompkins* at 387. However, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. No. 99 CA 149, 2002–Ohio–1152, *2, citing *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999). Under these circumstances, a verdict is not against the manifest weight and is affirmed. *State v. Smith*, 2016–Ohio–3418, 66 N.E.3d 279, ¶ 49 (7th Dist.).

**{¶20}** Davis was convicted of one count of drug trafficking:

(A) No person shall knowingly do any of the following:
***

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

R.C. 2925.03(A)(2).

**{¶21}** Davis argues that he is guilty of drug possession, as opposed to drug trafficking, and that his conviction is unsupported by the evidence. The Eight District considered similar circumstances:

The evidence showed that approximately 17 grams (less than one ounce) of marijuana was seized. The majority of this marijuana was packaged in eight small envelopes which were in a bag on the seat between appellant and another occupant of the car. One small envelope was also recovered from appellant's person.

The evidence, circumstantial in nature, was sufficient to convict appellant of possession of the eight small packets of marijuana. However, no evidence at all was presented on the "trafficking" elements. It was necessary for the state to show that appellant knowingly prepared the marijuana for shipment; shipped, transported or delivered the marijuana; prepared the marijuana for distribution or distributed the marijuana. One of these activities is a necessary element for drug trafficking. The evidence presented sufficiently proves possession; it does not, however, prove any of the delineated activities.

*State v. Vanhorn*, 8th Dist. No. 44655, 1983 WL 5899, *4-5:

**{¶22}** Here, there was no investigation involving the storeowner for further information when the police arrived on the scene. No testimony was presented that Davis packaged the marijuana, exchanged any packages, or accepted money for marijuana from anyone, all indicia of trafficking. The State's sole evidence to support the trafficking conviction is the manner in which the marijuana was packaged: in nine small, individually wrapped baggies. On its own, this is insufficient to establish intent to sell. Davis possessed 5.76 grams of marijuana, much less than the amounts involved in *Vanhorn.*

**{¶23}** Davis admitted that he possessed the marijuana as a result of bartering the marijuana for tattoo services, and also that he had smoked one baggie before his encounter with police. While there is evidence beyond a reasonable doubt of his intent to possess and use marijuana, we cannot say that the same level of evidence is demonstrated regarding the intent to sell. This is further bolstered by the fact that tattoo equipment was discovered in Davis' bag. Thus, the State failed to prove beyond a reasonable doubt that Davis intended to sell or resell the marijuana in order to sustain a trafficking conviction. Accordingly, Davis' second assignment of error is meritorious.

**{¶24}** While the evidence was not sufficient to support a conviction under R.C.2925.03, it does support a conviction for the possession or use of marijuana:

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* * *

(C) Whoever violates division (A) of this section is guilty of one of the following:

***

(3) If the drug involved in the violation is mari[j]uana or a compound, mixture, preparation, or substance containing mari[j]uana other than hashish, whoever violates division (A) of this section is guilty of possession of mari[j]uana. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(3)(b), (c), (d), (e), (f), or (g) of this section, possession of mari[j]uana is a minor misdemeanor.

(b) If the amount of the drug involved equals or exceeds one hundred grams but is less than two hundred grams, possession of mari[j]uana is a misdemeanor of the fourth degree.

R.C. 2925.11.

**{¶25}** When a verdict is not sustained by sufficient evidence, "but if the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial." R.C. 2945.79(D). The crime of drug possession is a lesser-included offense of the crime of drug trafficking. *State v. Robertson* (Dec. 14, 1999), 7th Dist. No. 97 JE 41, 1999 Ohio App. LEXIS 6167, at *8 (citation omitted).

**{¶26}** The evidence relied on by the jury to find Davis guilty of drug trafficking is sufficient to establish an R.C. 2925.11 drug possession conviction. Davis concedes this on appeal. We therefore modify the conviction to that of possession of drugs under R.C. 2925.11, a minor misdemeanor. This in turn requires a remand to the trial court to sentence Davis on the modified conviction.

**{¶27}** In sum, the trial court properly denied the motion to suppress, but there

was insufficient evidence of Davis' intent to sell or resell marijuana to sustain a trafficking conviction. Accordingly, the judgment of the trial court is affirmed as modified and remanded for sentencing on the modified conviction of possession.

Waite, J., concurs.

Robb, P. J., concurs.